# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TAMMIE ZAHNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV01756 HEA |
| | ) |
| TOWER ROCK STONE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Tower Rock Stone Company's ("Defendant" or "Tower Rock") Motion for Summary Judgment [ECF No. 25]. Plaintiff Tammie Zahner ("Plaintiff") opposes the motion [ECF No. 45], to which Defendant replied [ECF No. 56], and Plaintiff filed a surreply [ECF No. 58]. For the reasons set out below, Defendant's Motion for Summary Judgment is granted.

## Factual Background[1]

Defendant operates a stone quarry in Ste. Genevieve, Missouri. In July of 1997, Plaintiff began performing cleaning services in the main building of the

---

[1] The Court's recitation of the facts is drawn form the parties' statements of material facts filed in conjunction with Defendants' motion for summary judgment and Plaintiff's opposition.

quarry, which houses the office, restrooms, and lunch room/break room areas. Plaintiff performed these services three days a week–Mondays, Wednesdays and Fridays–beginning at 11:00 a.m.. Plaintiff's cleaning service was established under the name RTZ Cleaning, and she obtained a separate federal tax identification number for RTZ Cleaning. Plaintiff performed cleaning services for other individuals and companies aside from Defendant. Both Defendant Tower Rock and Plaintiff's other clients issued Plaintiff IRS Form 1099s, not W-2s. On her tax returns, Plaintiff reported the payments received from Tower Rock as income from a business, rather than as wages from employment. Defendant did not withhold any amounts for taxes or social security from the payments made to RTZ Cleaning. Both Plaintiff/RTZ Cleaning and Defendant Tower Rock had the power to terminate the engagement between RTZ Cleaning and Tower Rock at any time and for any reason. Plaintiff performed cleaning services for Defendant for twelve years.

On September 17, 2010, Plaintiff filed her Complaint with the Court. Plaintiff's Complaint [ECF No. 1] alleges the following against Defendant: that she was discriminated against and subject to a hostile work environment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964; that she

was discriminated against and subject to sexual harassment in violation of Title VII of the Civil Rights Act of 1964; that she was retaliated against and terminated by Defendant for reporting alleged incidents in violation of Title VII of the Civil Rights Act of 1964.

## Summary Judgment Standard

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell* , 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach.*

*Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197, 3 (8th Cir. 2008).

## Discussion

Defendant maintains that summary judgment should be granted on the Title VII claims because Plaintiff was not an "employee" for the purposes of Title VII.

Title VII protects workers who are "employees" but does not protect independent contractors. *Wilde v. County of Kandiyohi*, 15 F.3d 103, 104 (8th Cir.1994). Defendant contends that Plaintiff is an independent contractor, therefore, she is not protected under Title VII. Determining whether a party is an employee entitled to Title VII protection or an independent contractor requires a fact-intensive consideration of all aspects of the working relationship between the parties. *Hunt v. State of Missouri, Dept. Of Corrections,* 297 F.3d 735, 741 (8th Cir.2002). "[W]hether a given individual is an employee or independent contractor is a question of law, which must be decided by reviewing the particular facts of each case." *Berger Transfer & Storage v. Central States,* 85 F.3d 1374, 1377 (8th Cir.1996) (quoting *Short v. Central States, Southeast & Southwest Areas Pension Fund,* 729 F.2d 567, 571 (8th Cir.1984)). *See also Alford v. United States,* 116 F.3d 334, 336 (8th Cir.1997); *Birchem v. Knights of Columbus,* 116 F.3d 310, 312 (8th Cir.1997).

In determining whether a person is an employee or an independent contractor for purposes of Title VII, common law agency principles apply. In *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, the Supreme Court

articulated thirteen factors that govern such an inquiry. Those factors are as follows:

> (1) the hiring party's right to control the manner and means by which the product is accomplished...; (2) the skill required; (3) the source of the instrumentalities and tools; (4) the location of the work; (5) the duration of the relationship between the parties; (6) whether the hiring party has the right to assign additional projects to the hired party; (7) the extent of the hired party's discretion over when and how long to work; (8) the method of payment; (9) the hired party's role in hiring and paying assistants; (10) whether the work is part of the regular business of the hiring party; (11) whether the hiring party is in business; (12) the provision of employee benefits; and (13) the tax treatment of the hired party.

*Reid*, 490 U.S. at 751-752 (internal citations omitted) (internal footnotes omitted). "In weighing these factors, 'all of the incidents of the relationship must be assessed and weighed with no one factor being decisive.'" *Lerohl v. Friends of Minnesota Sinfonia*, 322 F.3d 486, 489 (8th Cir.2003); quoting *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 324 (1992).

### 1.   *Control of Manner and Means of Work*

With regard to the "right to control" *Reid* factor, Plaintiff contends that Defendant controlled the manner and means by which she did her job. In support of this contention, Plaintiff asserts that she was told by Brenda Hayden, a Tower Rock employee, that she was to work Mondays, Wednesdays, and Fridays, and

7

that she could not clean the employee break room during shift changes, or the conference rooms and offices while those rooms were in use. Defendants contend that in the event that Hayden did instruct Plaintiff such, Hayden was non-managerial clerical employee of Defendant. Thus, she had no authority to direct the actions of Defendant's employees or vendors, including Plaintiff and RTZ Cleaning. The Court also notes that an instruction by a managerial employee of Defendant's to refrain from cleaning specific areas during specific times would not automatically rise to the level of controlling the manner and means by which Plaintiff did her job. "Work by independent contractors is often, if not typically, performed to the exacting specifications of the hiring party." Thus, although Defendant's employee allegedly instructing Plaintiff when and where she can perform her work is one relevant factor, that factor is not determinative of the common-law agency issue. *See Reid,* 490 U.S. at 735-36.

2. ***The Skill Required***

Under *Reid's* "skill required" framework, the Court notes that Plaintiff performed her services through a sole proprietorship that specialized in cleaning services. Plaintiff provided these services to multiple customers, including Defendant. In *Reid*, the plaintiff was a sculptor, which can be considered a skilled

8

occupation. *See Reid,* 490 U.S. at 753. Plaintiff's job isn't generally considered a "specialized skill"job; however, her duties were not an "essential part of the company's normal operations." *See NLRB v. United Ins. Co. Of Am.,* 390 U.S. 254, 259 (1968). Plaintiff's cleaning duties were unrelated to Defendant's stone quarry business; it's a duty that lends itself to being performed by an independent contractor. Thus, this factor also weighs in favor of a finding that Plaintiff was an independent contractor. *See Clesi v. Zinc Corp*, 2001 WL 1223456.

### *3.    The Source of the Instrumentalities and Tools*

The third *Reid* factor–the source of instrumentalities and tools–does not necessarily weigh in favor of a finding that Plaintiff was an independent contractor. It is undisputed that Defendant purchased the majority of the cleaning supplies Plaintiff used at Tower Rock. Defendant contends that it purchased the instrumentalities and tools for Plaintiff because it was able to procure them at a lower price than Plaintiff would have by ordering the materials in bulk. Furthermore, Plaintiff testified in her deposition that all of her other customers also provided her with necessary cleaning products and equipment. This factor does not necessarily weigh in favor of a finding that Plaintiff was an independent contraction, yet it's not determinative of the issue in general.

9

*4.     The Location of the Work*

Plaintiff performed much of her work at Tower Rock's Ste. Genevieve facility. While it is common for independent contractors to complete their work off-site, in this instance, the nature of Plaintiff's work required that she undertake the cleaning tasks on-site. The Court finds that this *Reid* factor rests "essentially in equipoise" and "do[es] not meaningfully cut in favor of either the conclusion that Plaintiff was an employee or the conclusion that ... she is an independent contractor." *Id.* (citing *Eisenberg v. Advance Relocation & Storage, Inc.,* 237 F.3d 111, 114 (2d Cir.2000)).

*5.     Duration of the Relationship Between the Parties*

Although Plaintiff performed cleaning services for Defendant for approximately twelve years, the relationship between the parties could be terminated by either party at any time. Defendant was entitled to accept bids for outside cleaning services if it became unsatisfied with RTZ's performance. The fact that the relationship between Plaintiff and Defendant was terminable at will supports a finding of independent contractor status. *See Wortham v. Am. Fam. Ins. Group,* 385 F.3d 1139, 1140-41 (8th Cir.2004).

### 6. *Extent of the Hired Party's Discretion Over When and How Long to Work*

Plaintiff contends that upon her hire, she was instructed by Brenda Hayden that she had to work on Mondays, Wednesdays, and Fridays. She also maintains she had to start her work days at 11:00 a.m.. As discussed above, Hayden was a non-managerial clerical employee of Defendant. Thus, she had no authority to direct the actions of Defendant's employees or vendors, including Plaintiff and RTZ Cleaning. Additionally, Plaintiff testified in her deposition that she took on additional responsibilities on her own (i.e. cleaning the addition on Bob Langley's office), without instruction from Defendant. Even if Defendant may have required Plaintiff to undertake additional cleaning duties when the need arose, Plaintiff can still be considered an independent contractor. *See Aymes v. Bonelli,* 980 F.2d 857, 863-64 (2d Cir.1992). Overall, this factor does not affect the determination of Plaintiff's employment status.

### 8. *Method of Payment*

Defendant paid Plaintiff a flat amount for each day that she performed cleaning services. If she missed a day of work throughout the week, her payment would be reflect as much. Plaintiff's business entity, RTZ Cleaning, issued

invoices to Defendant each week and, in turn, Defendant issued checks made payable to RTZ Cleaning for the services that were included on the invoice. Pursuant to her tax returns, Plaintiff reported this income as business earnings, not wages. Furthermore, Defendant issued RTZ Cleaning IRS Form 1099s each year for the payments made for her cleaning services.

Of particular significance, Plaintiff did not receive, and was not eligible for, any employee benefits throughout the entire course of her business relationship with Defendant. "[E]very case since *Reid* that has applied the [common-law] test has found the hired party to be an independent contractor where the hiring party failed to extend benefits or pay social security taxes." *Kirk*, 188 F.3d at 1008 (citing *Aymes,* 980 F.2d at 861, 863-64). This fact alone is especially significant to determination of employee status, and it further supports a finding that Plaintiff was an independent contractor. *See Id.*

### 9. *The Hired Party's Role in Hiring and Paying Assistants*

Plaintiff testified in her deposition that she employed her husband and children to help with the cleaning services when needed. Plaintiff was exclusively responsible for enlisting such help, and Defendant did not pay any of Plaintiff's

assistants. The Court finds that the factor further suggests that Plaintiff was an independent contractor.

### 10. *Whether the Work is Part of the Regular Business of the Hiring Party*

Defendant is in the rock quarry business. RTZ Cleaning performed janitorial services for Defendant. This factor further suggests that Plaintiff was an independent contractor.

### 11. *Whether the Hiring Party is "in business"*

Defendant Tower Rock is still in business as a rock quarry; however, this factor does not tip the analysis in either direction.

### 12. *The Provision of Employee Benefits*

As discussed above, Plaintiff never received, and was not entitled to, employee benefits during the period in which she provided cleaning services for Defendant. This factor suggests that Plaintiff was an independent contractor.

### 13. *The Tax Treatment of the Hired Party*

Defendant did not deduct any taxes from its payments to RTZ Cleaning, and Plaintiff never received a W-2 form from Defendant. Plaintiff was responsible for her own tax and filled out the 1099-MISC tax forms for sole proprietorships. This factor also strongly suggests that Plaintiff was an independent contractor.

## Conclusion

Upon applying the thirteen *Reid* factors to Plaintiff's employment situation, the facts clearly establish that Plaintiff was always treated as an independent contractor, not an actual employee of Defendant Tower Rock. No reasonable juror could find that Plaintiff was an employee of Defendant, therefore, she cannot state a claim against Defendant under Title VII. Accordingly, the Court grants Defendant's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tower Rock Stone Company's Motion for Summary Judgment [ECF No. 25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Tower Rock Stone Company's Motion for Mental Examination [ECF No. 24] is **DENIED** as moot.

Dated this 27th day of July, 2012.

*/s/ Henry Edward Autrey*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE